[No. 11952.   Department One.   October 9, 1914.]

## J. B. PORRIA et al., Appellants, v. THE TOWN OF CASTLE ROCK et al., Respondents.[1]

BOUNDARIES — LOST BOUNDARIES — ACTIONS TO ESTABLISH — PLEAD-INGS AND ISSUES.  In an action to establish a lost boundary line un-der the statute, it is not error to refuse to allow the complaint to be amended for the reestablishment of the original boundary line, where issues were thereafter raised by answers and cross-complaints set-ting up title by adverse possession to a boundary line fence; since the amendment sought would raise an immaterial issue in view of the answers and cross-complaints.

SAME — ACTIONS TO ESTABLISH — COSTS.  Rem. & Bal. Code, § 949, providing for the apportionment of costs in statutory proceedings for the survey and establishment of lost boundaries, does not apply where the evidence failed to establish that the boundary had been lost, and defendants prevailed on cross-complaints alleging title by adverse possession to the line of a boundary fence.

Appeal from a judgment of the superior court for Cow-litz county, Darch, J., entered January 13, 1914, in favor of the defendants upon cross-complaints, in an action to es-tablish a boundary line.  Affirmed.

*O'Neill & Spaulding*, for appellants.

*Magill, McKenney & Brush*, for respondents.

MAIN, J.—This action was brought under Rem. & Bal. Code, § 947 et seq. (P. C. 57 § 1), for the purpose of estab-lishing the boundary line between adjoining properties, which it is claimed had been lost.  The complaint alleged that the plaintiffs were the owners of certain lots, in Jackson's addi-tion to the town of Castle Rock, and that the defendants Mrs. E. L. Drew and Thomas Sugars and wife were the own-ers of adjacent property, describing it.  There were other defendants in the action, but only those named seem to have appeared therein.  The defendants mentioned answered sepa-rately.

[1]Reported in 143 Pac. 315.

The answer of Thomas Sugars and wife denied certain facts alleged in the complaint and admitted others, and by cross-complaint sought affirmative relief. In the cross-complaint, it is alleged that Sugars and wife are the owners of one tract of land adjacent to the lots of the plaintiff; that the division line is a fence between the properties; that title to this land was acquired by warranty deed under date of December 17, 1901; and that possession was taken upon the same date. This possession is then alleged to have been under claim of title, actual, open, notorious, exclusive, peaceable, and adverse. The prayer of the complaint was that the boundaries mentioned therein should be established by decree of the court. The prayer of the cross-complaint was that the fence mentioned be adjudged the boundary line, and that the cross-complainants be adjudged to be the owner in fee of the land up to the fence. The answer and cross-complaint of Mrs. Drew is in all respects similar to that of the Sugars.

To the cross-complaints, demurrers were interposed and overruled. Thereupon the plaintiffs moved the court for leave to amend the complaint by alleging and praying for the establishment of the *original* boundary between the adjacent properties, and the *original* corners of Jackson's addition. This motion was denied, and the cross-complaints were replied to. In due time, the cause was tried to the court without a jury, and a judgment rendered as prayed for in the cross-complaints. The plaintiffs appeal.

The real question in dispute is whether the Sugars and Mrs. Drew, by virtue of their respective deeds and possession, acquired title to a certain fence which marks what they claim to be the boundary line between their property and that of the plaintiffs. The plaintiffs claim that the fence is approximately ten feet over upon their lots. The defendants and cross-complainants contend that the fence marks the true boundary line.

The first error assigned is that the court erred in refusing to permit the complaint to be amended. When this motion was interposed, the cross-complaints had been filed and the demurrers thereto overruled. If the facts stated in the cross-complaints were true, the establishment of the *original* boundary line or the *original* corners of Jackson's addition would affect the rights of neither the plaintiffs nor the defendants. So far, then, as the parties to the action were concerned, upon the issues made by the cross-complaints, the location of the original corners or boundary was immaterial. No error was committed in refusing the amendment.

Upon the merits, it is claimed that the evidence does not sustain the title of the defendants by adverse possession as to the strip of land in dispute. Without detailing the evidence, it may be said that it sustains the allegations of the cross-complaints, and that the possession under claim of title up to the fence had been continuous, open, notorious, exclusive, peaceable, and adverse, for more than the statutory period of limitation. The plaintiffs' contention that the defendants only intended to claim the land described in their respective deeds if this did not extend to the fence, is not sustained by the testimony.

Neither did the court err in charging the costs to the plaintiffs. The defendants prevailed upon their cross-complaints. The evidence having failed to establish that the boundary had been lost, and that the parties interested could not agree upon the establishment of the same, that provision of Rem. & Bal. Code, § 949 (P. C. 57 § 5), relative to the apportionment of the costs of the proceeding is not here applicable. Upon the issues tried and the judgment rendered, the costs should be adjudged as in any other equity case.

The judgment will be affirmed.

CROW, C. J., CHADWICK, ELLIS, and GOSE, JJ., concur.